IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | |
|---|---|
| **ISHMAEL K. WHITAKER,** | : |
| **Plaintiff,** | : |
| V. | : |
| | : NO. 4:21-cv-00165-CDL-MSH |
| **MUSCOGEE COUNTY JAIL,** *et al.*, | : |
| **Defendants.** | : |

## ORDER & RECOMMENDATION

Plaintiff Ishmael K. Whitaker, a detainee in the Muscogee County Jail in Columbus, Georgia, has filed a civil rights complaint under 42 U.S.C. § 1983. Compl., ECF No. 1; Am. Compl., ECF No. 11.[1] Plaintiff also filed a motion to proceed in this action *in forma pauperis*. Mot. for Leave to Proceed *In Forma Pauperis*, ECF Nos. 2 & 6. Plaintiff's motion to proceed *in forma pauperis* was previously granted, and Plaintiff was ordered to pay an initial partial filing fee. Order, ECF No. 7. Rather than pay the fee, Plaintiff has filed a motion to excuse his payment of the initial partial filing fee, asserting that his mother was the only person who put money into his account and that she has stopped doing so because they had a fight. Mot. to Excuse Initial Filing Fee, ECF No. 8. In light of Plaintiff's changed circumstances, Plaintiff's motion

---

[1]Plaintiff's amended complaint supersedes his original complaint. *See Schreane v. Middlebrooks*, 522 F. App'x 845, 847 (11th Cir. 2013) (per curiam). Thus, the amended complaint is the operative document considered in this order and recommendation. In the amended complaint, Plaintiff has not included the Muscogee County Jail as a defendant, as he did in the original complaint. As a result, the jail is not addressed herein.

is **GRANTED**, and this case will now be permitted to continue without prepayment of the initial partial filing fee.

Plaintiff has also filed a motion for documentary evidence, in which he asks this Court to subpoena a number of pieces of evidence in order for him to prove his case. Mot., ECF No. 13. The materials that Plaintiff requests appear to be in the nature of discovery materials. *See id.* As set forth below, discovery in this case has not yet begun. Once the discovery period is open, Plaintiff must request discovery materials directly from the defendants in this action. Only if the defendants fail to comply with Plaintiff's proper discovery requests should Plaintiff file any motions with the Court regarding these requests. *See* Fed. R. Civ. P. 26 (relating to discovery generally); Fed. R. Civ. P. 37 (regarding failure to cooperate in discovery). Therefore, at this time, the Court will not order the production of these documents, and this motion is **DENIED**.

Because his motion to proceed *in forma pauperis* has been granted, Plaintiff's complaint is ripe for preliminary review. On that review, Plaintiff will be allowed to proceed for further factual development on his deliberate indifference to safety claim against Greg Countryman, Gary Moore, John Darr, Larry Mitchell, Larry Parker, Jr., Curtis Lockette, Steve Sikes, John Wade, Joe McCrea, and Dr. Pattillo. It is **RECOMMENDED** that Plaintiff's remaining claims, including any claims for unconstitutional conditions of confinement, claims based on failure to follow jail policy, and claims against John Doe defendants, be **DISMISSED WITHOUT PREJUDICE** for failure to state a claim, as set forth below.

**PRELIMINARY REVIEW OF PLAINTIFF'S COMPLAINT**

I.      Standard of Review

Because he has been granted leave to proceed *in forma pauperis*, Plaintiff's complaint is now ripe for preliminary review. *See* 28 U.S.C. § 1915A(a) (requiring the screening of prisoner cases) & 28 U.S.C. § 1915(e) (regarding *in forma pauperis* proceedings). When performing this review, the court must accept all factual allegations in the complaint as true. *Brown v. Johnson*, 387 F.3d 1344, 1347 (11th Cir. 2004). *Pro se* pleadings are also "held to a less stringent standard than pleadings drafted by attorneys," and thus, *pro se* claims are "liberally construed." *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998). Still, the Court must dismiss a prisoner complaint if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A(b).

A claim is frivolous if it "lacks an arguable basis either in law or in fact." *Miller v. Donald*, 541 F.3d 1091, 1100 (11th Cir. 2008) (internal quotation marks omitted). The Court may dismiss claims that are based on "indisputably meritless legal" theories and "claims whose factual contentions are clearly baseless." *Id.* (internal quotation marks omitted). A complaint fails to state a claim if it does not include "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The factual allegations in a complaint "must be enough to raise

3

a right to relief above the speculative level" and cannot "merely create[] a suspicion [of] a legally cognizable right of action." *Twombly*, 550 U.S. at 555 (first alteration in original). In other words, the complaint must allege enough facts "to raise a reasonable expectation that discovery will reveal evidence" supporting a claim. *Id.* at 556. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

To state a claim for relief under §1983, a plaintiff must allege that (1) an act or omission deprived him of a right, privilege, or immunity secured by the Constitution or a statute of the United States; and (2) the act or omission was committed by a person acting under color of state law. *Hale v. Tallapoosa Cty*, 50 F.3d 1579, 1582 (11th Cir. 1995). If a litigant cannot satisfy these requirements or fails to provide factual allegations in support of his claim or claims, the complaint is subject to dismissal. *See Chappell v. Rich*, 340 F.3d 1279, 1282-84 (11th Cir. 2003).

II. <u>Plaintiff's Allegations</u>

In his amended complaint, Plaintiff asserts that he was placed in the Muscogee County Jail on March 30, 2021, at which time he was placed in a "suicide H.S.P. cell," which is used to house homicidal and suicidal inmates. Am. Compl. 6, ECF No. 11. A few days later, another inmate was placed in the cell with Plaintiff. *Id.* This other inmate had a razor blade, which he used to cut Plaintiff's left arm, requiring Plaintiff to get five stitches. *Id.*

Plaintiff contends that this injury was the direct result of the failure of the

4

command staff to have a policy limiting the number of inmates who may be housed in the H.S.P. cells together at one time. *Id.* at 6-7. In support of this claim, Plaintiff contends that numerous assaults have occurred in the H.S.P. cells and that the inmates who commit these assaults are not punished because the command staff wants to conceal the number of injuries that occur. *Id.* at 7. More specifically, Plaintiff asserts that, since he began filing grievances about this situation, more than thirty-five inmates have been assaulted in the H.S.P. cells. *Id.* at 4.

Plaintiff also alleges that inmates are not provided with mattresses or blankets when they are in the H.S.P. cells. *Id.* at 7. Thus, they are forced to sleep on a concrete floor in freezing temperatures. *Id.* In particular, Plaintiff was placed in such conditions from August 2, 2021, through August 4, 2021. *Id.* Plaintiff asserts that these conditions are contrary to jail policy, which provides that inmates should have a mattress, shroud, and blanket in these cells. *Id.*

Plaintiff names Greg Countryman, Garry Moore, John Dare, Larry Mitchell, Larry Parker, Curtis Lockette, Steve Sikes, John Wade, Joe McCrea, and Dr. Pattillo as the command staff responsible for the conditions in the jail. *Id.* He also includes four John Doe officers as defendants to his complaint. *Id.* at 5.

III.   Plaintiff's Claims

A.   Deliberate Indifference to Safety

Plaintiff's allegations that he was placed into the H.S.P. cell with other inmates and was injured as a result implicate a potential claim for deliberate indifference to

5

safety. To state claim for exposure to unsafe conditions, a prisoner must allege facts to show the existence of a prison condition that is extreme and poses an unreasonable risk the prisoner's health or safety.[2] *See Chandler v. Crosby*, 379 F.3d 1278, 1289 (11th Cir. 2004). Additionally, the prisoner must allege facts to show that the defendant acted with deliberate indifference to the condition, which requires that the defendant knew that an excessive risk to health or safety existed but disregarded that risk. *Id.* at 1289-90. If the defendant took action that reasonably responded to the risk, the defendant will not be held liable, even if the harm was not averted. *Id.* at 1290.

A prisoner cannot state a § 1983 claim based on a theory of respondeat superior or vicarious liability. *Miller v. King*, 384 F.3d 1248, 1261 (11th Cir. 2004). Instead, to state a claim against a supervisory official, a prisoner must allege facts showing either that the supervisor personally participated in the alleged constitutional violation or that there is a causal connection between the actions of the supervising official and the alleged constitutional deprivation. *H.C. by Hewett v. Jarrard*, 786 F.2d 1080, 1086-87 (11th Cir. 1986). A causal connection may be established by alleging facts showing that the official either "(1) instituted a custom or policy which resulted in a violation of the plaintiff's constitutional rights; (2) directed his subordinates to act unlawfully; or

---

[2] Although a pretrial detainee's deliberate indifference claim is governed by the Fourteenth Amendment due process clause, rather than the Eighth Amendment, the standards governing such claims are the same under either Amendment are the same. *See Goodman v. Kimbrough*, 718 F.3d 1325, 1331 n.1 (11th Cir. 2013).

(3) failed to stop his subordinates from acting unlawfully when he knew they would." *Gross v. White*, 340 F. App'x 527, 531 (11th Cir. 2009) (per curiam) (citing *Goebert v. Lee County*, 510 F.3d 1312, 1331 (11th Cir. 2007)).   T

For the purposes of this analysis, the lack of a policy may demonstrate the required causal connection.  *Rivas v. Freeman*, 940 F.2d 1491, 1495 (11th Cir. 1991). To show that a policy, or lack of a policy, caused constitutional harm, a plaintiff must point to multiple incidents or reports.  *Rivas v. Freeman*, 940 F.2d 1491, 1495 (11th Cir. 1991).  "A single incident of a constitutional violation is insufficient to prove a policy or custom even when the incident involves several [subordinates]."  *Craig v. Floyd Cty.*, 643 F.3d 1306, 1312 (11th Cir. 2011); *see also Goebert v. Lee Cty.*, 510 F.3d 1312, 1332 (11th Cir. 2007) (holding that the plaintiff failed to establish supervisory liability where she failed to show that any other inmate had suffered the same violation).

Here, Plaintiff alleges that housing suicidal and homicidal inmates together in the H.S.P. cells created a dangerous condition, which led to him being cut on his arm to the extent that he required stitches.  Plaintiff does not allege that any of the defendants was specifically involved in placing him in the H.S.P. cell with the inmate who cut Plaintiff, but he alleges that they were all responsible because they failed to implement a policy limiting the number of dangerous inmates who could be placed together in the H.S.P. cells.  Plaintiff further asserts that, due to this lack of such a policy, many inmates have been injured in fights or other interactions in these cells.

Although it remains to be seen whether Plaintiff will be able to present any evidence to show that the named defendants were actually responsible for this absence of a policy, at this stage of the proceeding, the Court accepts Plaintiff's allegations and construes them in his favor. Applying this standard, Plaintiff has alleged that a dangerous condition existed as a result of the failure of these defendants to implement a policy regarding the number of inmates that could be placed together in the H.S.P. cells. Moreover, Plaintiff has alleged that he was injured because of this lack of a policy and that there have been a number of other incidents involving other inmates who were similarly injured. Thus, at this stage, Plaintiff has alleged sufficient facts to allow his claim for deliberate indifference to safety against Greg Countryman, Gary Moore, John Darr, Larry Mitchell, Larry Parker, Jr., Curtis Lockette, Steve Sikes, John Wade, Joe McCrea, and Dr. Pattillo to proceed for further factual development.

B. Conditions of Confinement

Plaintiff also alleges that he was exposed to unconstitutional conditions in the H.S.P. cell. In particular, he says that he was required to sleep on the floor in freezing temperatures from August 2, 2021, until August 4, 2021.

To state an Eighth Amendment claim for unconstitutional conditions of confinement, a prisoner must allege facts to show the existence of a prison condition that is extreme and poses an unreasonable risk the prisoner's health or safety.[3] *See*

---

[3] As noted above, Plaintiff is a pretrial detainee, which means that his allegations regarding the conditions of his confinement are governed by the Fourteenth

*Chandler v. Crosby*, 379 F.3d 1278, 1289 (11th Cir. 2004). Additionally, the prisoner must allege facts to show that the defendant acted with deliberate indifference to the condition, which requires that the defendant knew that an excessive risk to health or safety existed but disregarded that risk. *Id.* at 1289-90. It has generally been held that that short periods of confinement without a bed or blanket do not violate the Eighth or Fourteenth Amendments where the conditions are temporary and the inmate suffers no physical harm therefrom. *See Fischer v. Ellegood*, 238 F. Appx. 428, 433 (11th Cir. 2007) (requiring an inmate to sleep on the "bare cement floor" without a mattress for five days does not amount to an Eighth Amendment violation); *McMahon v. Beard,* 583 F.2d 172, 175 (5th Cir. 1978) (concluding that there was no constitutional violation when a pretrial detainee, who had just attempted suicide, was placed in a "strip cell" for ninety days without clothing, a mattress, sheets, or blankets); *Turner v. Warden, GDCP*, 650 F. App'x 695, 701 (11th Cir. 2016) (holding that a prisoner failed to show that being left in a strip cell with no property and in a paper gown for ten days without food for one day created an unreasonable risk of harm to his health or safety).

Thus, it does not appear that the conditions Plaintiff complains of in this case rose to the level of a constitutional violation. Moreover, even if they did, Plaintiff does not specify how any of the defendants was involved in exposing him to these conditions.

---

Amendment. *Andujar v. Rodriguez,* 486 F.3d 1199, 1203 n. 3 (11th Cir.2007). As with deliberate indifference claims, the standards for a conditions of confinement claim are the same under the Eighth and Fourteenth Amendments. *Hamm v. DeKalb County,* 774 F.2d 1567, 1574 (11th Cir. 1985).

Furthermore, to the extent that Plaintiff may have intended to base this claim on the defendants being supervisors, he does not allege any facts to show that there was a causal connection between any of the defendants and the alleged constitutional violation. To the contrary, Plaintiff asserts that these conditions were contrary to jail policy.[4] Thus, he has not stated a claim based on unconstitutional conditions of confinement, and it is **RECOMMENDED** that any such claim be **DISMISSED WITHOUT PREJUDICE** for failure to state a claim.

        C.      <u>John Doe Officers</u>

Finally, Plaintiff also names several John Doe defendants. Fictitious party pleading, *i.e.*, bringing claims against John Doe defendants, is generally only permitted in federal court when the plaintiff's description of the defendant is so specific that the party may be identified for service even though his or her actual name is unknown. *See Richardson v. Johnson*, 598 F.3d 734, 738 (11th Cir. 2010). Here, Plaintiff provides no description of the defendant officers involved in his claims from which the officers could be identified for service. Moreover, Plaintiff does not include any explanation as to the roles of these officers in the events underlying his claims to show

---

[4]Insofar as Plaintiff's complaint could be read as alleging a claim based on failure to follow this jail policy, such a failure does not, without more, amount to a constitutional violation. *See Jones v. Schofield*, 2009 WL 902154, at 3 (M.D. Ga. Mar. 30, 2009) (*citing Rineholtz. v. Campbell* 64 F. Supp.2d 721, 731 (W.D.Tn. 1999) ("Prison regulations . . . were never intended to confer rights on inmates or serve as a basis for constitutional claims."). Thus, it is also **RECOMMENDED** that any such claim be **DISMISSED WITHOUT PREJUDICE**.

that they violated his rights in any way. Accordingly, it is also **RECOMMENDED** that Plaintiff's claims against the John Doe Officers be **DISMISSED WITHOUT PREJUDICE** for failure to state a claim.

IV.     Conclusion

Therefore, Plaintiff will be allowed to proceed for further factual development on his deliberate indifference to safety claim against Greg Countryman, Gary Moore, John Darr, Larry Mitchell, Larry Parker, Jr., Curtis Lockette, Steve Sikes, John Wade, Joe McCrea, and Dr. Pattillo based on the failure to have a policy limiting the number of inmates who may be housed together in the H.S.P. cells. It is **RECOMMENDED** that Plaintiff's remaining claims be **DISMISSED WITHOUT PREJUDICE** for failure to state a claim.

## OBJECTIONS

Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to this Order and Recommendation with the United States District Judge to whom this case is assigned **WITHIN FOURTEEN (14) DAYS** after being served with a copy of this Order and Recommendation. The parties may seek an extension of time in which to file written objections, provided a request for an extension is filed prior to the deadline for filing written objections. Failure to object in accordance with the provisions of § 636(b)(1) waives the right to challenge on appeal the district judge's order based on factual and legal conclusions to which no objection was timely made. *See* 11th Cir. R. 3-1.

## ORDER FOR SERVICE

For those reasons discussed above, it is hereby **ORDERED** that service be made on **DEFENDANTS GREG COUNTRYMAN, GARY MOORE, JOHN DARR, LARRY MITCHELL, LARRY PARKER, JR., CURTIS LOCKETTE, STEVE SIKES, JOHN WADE, JOE MCCREA, AND DR. PATTILLO**, and that they file an Answer, or other response as appropriate under the Federal Rules, 28 U.S.C. § 1915, and the Prison Litigation Reform Act. Defendants are also reminded of the duty to avoid unnecessary service expenses, and the possible imposition of expenses for failure to waive service.

## DUTY TO ADVISE OF ADDRESS CHANGE

During this action, all parties shall at all times keep the Clerk of this Court and all opposing attorneys and/or parties advised of their current address. Failure to promptly advise the Clerk of any change of address may result in the dismissal of a party's pleadings.

## DUTY TO PROSECUTE ACTION

Plaintiff must diligently prosecute his Complaint or face the possibility that it will be dismissed under Rule 41(b) for failure to prosecute. Defendants are advised that they are expected to diligently defend all allegations made against them and to file timely dispositive motions as hereinafter directed. This matter will be set down for trial when the Court determines that discovery has been completed and that all motions have been disposed of or the time for filing dispositive motions has passed.

## FILING AND SERVICE OF MOTIONS, PLEADINGS, AND CORRESPONDENCE

It is the responsibility of each party to file original motions, pleadings, and correspondence with the Clerk of Court. A party need not serve the opposing party by mail if the opposing party is represented by counsel. In such cases, any motions, pleadings, or correspondence shall be served electronically at the time of filing with the Court. If any party is not represented by counsel, however, it is the responsibility of each opposing party to serve copies of all motions, pleadings, and correspondence upon the unrepresented party and to attach to said original motions, pleadings, and correspondence filed with the Clerk of Court a certificate of service indicating who has been served and where (i.e., at what address), when service was made, and how service was accomplished (i.e., by U.S. Mail, by personal service, etc.).

## DISCOVERY

Plaintiff shall not commence discovery until an answer or dispositive motion has been filed on behalf of Defendants from whom discovery is sought by Plaintiff. Defendants shall not commence discovery until such time as an answer or dispositive motion has been filed. Once an answer or dispositive motion has been filed, the parties are authorized to seek discovery from one another as provided in the Federal Rules of Civil Procedure. Plaintiff's deposition may be taken at any time during the time period hereinafter set out, provided that prior arrangements are made with his custodian. Plaintiff is hereby advised that failure to submit to a deposition may result in the

13

dismissal of his lawsuit under Fed. R. Civ. P. 37 of the Federal Rules of Civil Procedure.

**IT IS HEREBY ORDERED** that discovery (including depositions and the service of written discovery requests) shall be completed within 90 days of the date of filing of an answer or dispositive motion by Defendants (whichever comes first) unless an extension is otherwise granted by the Court upon a showing of good cause therefor or a protective order is sought by Defendants and granted by the Court. This 90-day period shall run separately as to each Defendant beginning on the date of filing of each Defendant's answer or dispositive motion (whichever comes first). The scheduling of a trial may be advanced upon notification from the parties that no further discovery is contemplated or that discovery has been completed prior to the deadline.

Discovery materials shall <u>not</u> be filed with the Clerk of Court. No party shall be required to respond to any discovery not directed to him or served upon him by the opposing counsel/party. The undersigned incorporates herein those parts of the Local Rules imposing the following limitations on discovery: except with written permission of the Court first obtained, INTERROGATORIES may not exceed TWENTY-FIVE (25) to each party, REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS under Rule 34 of the Federal Rules of Civil Procedure may not exceed TEN (10) requests to each party, and REQUESTS FOR ADMISSIONS under Rule 36 of the Federal Rules of Civil Procedure may not exceed FIFTEEN (15) requests to each party. No party is required to respond to any request which exceed these limitations.

## REQUESTS FOR DISMISSAL AND/OR JUDGMENT

Dismissal of this action or requests for judgment will not be considered by the Court in the absence of a separate motion accompanied by a brief/memorandum of law citing supporting authorities. Dispositive motions should be filed at the earliest time possible, but no later than one hundred-twenty (120) days from when the discovery period begins.

**SO ORDERED and RECOMMENDED**, this 20th day of January, 2022.

/s/ Stephen Hyles
UNITED STATES MAGISTRATE JUDGE